UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Lisa Azzou,** as guardian and natural parent on behalf of her minor daughter **S.A.**, <br><br> Plaintiff, <br> v. <br><br> **HOTEL HOLDINGS CINEMA, L.L.C.,** a Michigan limited liability company, <br><br> Defendant. | Case No. 1:25-cv-13489 |

NOW COMES Lisa Azzou, as guardian and natural parent on behalf of her minor daughter S.A., by and through the undersigned counsel, Owen B. Dunn, Jr., who hereby files this Complaint against Hotel Holdings Cinema, L.L.C. a Michigan limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Lisa Azzou on behalf of her minor child S.A. and individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as

      Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Lisa Azzou is the guardian and natural parent of her minor daughter S.A.

5. S.A., is a female born on October 29, 2008, is an Oakland County, Michigan resident, and the minor child qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

6. Defendant Hotel Holdings Cinema, L.L.C., owns or operates the hotel property located at 810 Cinema Dr, Midland, MI 48642 in Midland County, Michigan, the "Holiday Inn Midland". Plaintiff, together with her minor daughter S.A., were overnight hotel guests and have patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and have experienced the barriers to access complained of herein.

7. The hotel owned or operated by the Defendant was originally built by the Defendant (or its predecessor) commencing in 2008 and granted permits for occupancy in 2009 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the 1991 ADAAG Standards or 2010 ADA Standards implementing regulations of the ADA is required for this hotel as applicable unless it would be structurally impracticable in which case compliance is required to the

extent that it is not structurally impracticable.

8. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

9. The discriminatory violations described in Paragraph 16 by Defendant Hotel Holdings Cinema, L.L.C. are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to access for people with disabilities. The plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

10. S.A. is a child diagnosed with spina bifida, hydrocephalus, Chiari malformation, sleep apnea, and neurogenic bladder and permanently uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to standing and walking, as defined by the ADA and its regulations thereto. Lisa Azzou is her mother.

11. On or about August 27-August 28, 2024, S.A. and her mother were overnight hotel guests of the property that forms the basis of this lawsuit for a visit to nearby Dow Gardens and

plan to return to the property to avail themselves of the goods and services offered to the public at the property.

12. During the Plaintiff's overnight stay at Defendant's property, she encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety and violate nondiscrimination provisions of the ADA thereby impacting the Plaintiff.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

14. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

15. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the hotel owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not

limited to:

Parking and Accessible Routes

A. Designated parking access aisles do not lead to an accessible route due to the presence of curbs, in violation of the ADA and 1991 ADAAG section 4.6.3 and section 502.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. The passenger loading zone lacks a marked access aisle, in violation of the ADA and section 4.6.6 of the 1991 ADAAG and Section 503 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

C. Some designated accessible parking spaces entirely lack marked access aisles, in violation of the ADA and section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

D. Some designated accessible parking signs are not mounted at 60 inches above the ground surface to the bottom of their signs, in violation of the ADA, whose remedy is strictly required or, at minimum, readily achievable.

Pool Area Restrooms

E. The men's and women's restroom door lacks required maneuvering clearance at the latch side to enter as a result of the placement of water fountain, in violation of the ADA and 1991 ADAAG  section 4.13.6 and Section 404.2.4.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

F. The women's restroom water closet flush control is not located on the open side of the unit, in violation of the ADA and section 604.9.5 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Pool Area

G. The swimming pool area rinsing shower does not have a hand-held sprayer on a 59 inch hose, in violation of 1991 ADAAG section 4.13.6 and Section 404.2.4.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

H. The pool area rinsing shower lacks any grab bars affixed to the walls to provide stability in a wet environment, in violation section 608.3 of the 2010 Standards and 1991 ADAAG section 4.21.4of whose remedy is strictly required or, at minimum, readily achievable.

Designated Mobility Accessible Guestroom with Bathtub #401

I. Grab bars in the bathtub are non-compliant, in violation of the ADA and section 607.4.2 of the 2010 Standards, whose remedy is strictly required.

    J.   There is no fixed or removable seat for the tub, in violation of the ADA and section 607.3 of the 2010 Standards, whose remedy is strictly required.

    K.   The water closet flush control is not located on the open side of the unit, in violation of the ADA and section 604.9.5 of the 2010 Standards, whose remedy is strictly required.

    L.   Locking hardware on the adjoining room door requires tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards, whose remedy is strictly required.

    M.   The microwave is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, whose remedy is strictly required.

    N.   Emergency evacuation instructions are located above allowable height, in violation of the ADA and Section 703.5.6 of the 2010 Standards, whose remedy is strictly required.

Accessible Guest Rooms Generally

    O.   There is not the required number of designated accessible guestrooms with mobility features, whereas for a hotel with 180 total guest rooms, six mobility accessible rooms without roll-in showers are required and two with a roll-in shower is required, totaling eight (8) guest rooms with mobility features, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

    P.   The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers guest rooms with one King bed, two Queen Beds, One King Bed and sofa bed, and 3 Queen beds.  However, guests who require accessible accommodations are restricted fewer room classes and guestroom amenities, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is strictly required or at minimum is readily achievable.

    Q.   Upon information and belief, Lisa Azzou, as guardian and natural parent on behalf of her minor daughter S.A., believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel, including the other bathtub and roll-in shower fitted mobility accessible guestrooms (not just room #401) the removal of which is strictly required and or is at minimum readily achievable.

Policies and Procedures:

    R.   The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

    S.   The Defendant's inadequate procedures for the benefit of its patrons with disability

    extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Lisa Azzou, as guardian and natural parent on behalf of her minor daughter S.A..

  T. The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans for this 4-story and meeting space hotel facility for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Lisa Azzou, as guardian and natural parent on behalf of her minor daughter S.A., struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

17. The discriminatory violations described in Paragraph 16 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The hotel, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to

comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the hotel accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 et seq.

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. Holiday Inn Midland, a hotel, is a "place of public accommodation" pursuant to M.C.L §37.1301(a).

25. The Defendant has committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or

privileges by failing to provide equal access to people with mobility impairments.

26. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com